IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SARAH BOLAND,                                    )
                                                 )
          Plaintiff,                             )
                                                 )
v.                                               )          Cause No. 4:15-CV-00469
                                                 )
ST. CHARLES MEMORIAL GARDENS,                    )
INC. et. al.,                                    )
                                                 )
          Defendants.                            )

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

COMES NOW Plaintiff Sarah Boland ("Ms. Boland" or "Plaintiff"), pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, and moves for a temporary restraining order and/or preliminary injunction against  Defendants St. Charles Memorial Gardens, Inc. ("Memorial Gardens") and the Baue Funeral Home Co. ("Baue," collectively "Defendants").  In support of her Motion, Plaintiff states as follows:

1.      Defendants are providers of funeral and cemetery services in St. Charles County, Missouri.  Ms. Boland worked as a Funeral Director for Defendants from approximately May 24, 2013 through September 2014.

1.      When Ms. Boland became a Funeral Director with Defendants, they required her to sign a "Covenant Not to Compete" agreement attached as Exhibit 1 to the Verified Petition. *See* Doc. 1-1.

2.      The agreement contained a non-compete clause purportedly restricting Ms. Boland from competing with Defendants for two (2) years following the termination of her employment:

> Employee shall not, directly or indirectly as an employee, owner, consultant, or
> otherwise, or through any corporation, partnership, proprietorship or association in

1

which Employee has any interest whatsoever, engage in the embalming, funeral home, cremation service, or cemetery service business in St. Charles County, Missouri.  In addition, Employee agrees that he [sic] may not work for a competitive person or firm that has a presence in St. Charles County, Missouri, but has its business location outside of St. Charles County, Missouri.

*See* Noncompete Agreement, Doc. 1-1, Exhibit 1 to Verified Complaint.

3.     After Defendant unlawfully terminated Ms. Boland's employment under the Family Medical Leave Act ("FMLA"), Ms. Boland began working as a part-time receptionist for a smaller funeral home in St. Charles County called Alternative Funeral & Cremation Services ("Alternative").

4.     Soon after Ms. Boland began her employment with Alternative, Defendants tortiously interfered with her employment by threatening litigation against Boland and Alternative pursuant to the noncompete agreement.  As a result, Ms. Boland is seeking a temporary restraining order to enjoin Defendant's from unlawfully interfering with her employment with Alternative.

5.     A court considers four factors in determining whether a claimant is entitled to a TRO: (1) the likelihood of success on the underlying merits; (2) whether the injunction will prevent irreparable injury; (3) whether the injunction will harm others; and (4) whether the public interest will be served. *See Sigma Chemical Co. v. Harris*, 586 F. Supp. 704, 709 (E.D. Mo. 1984); *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc).

6.     Ms. Boland is likely to succeed in establishing the noncompete agreement is unenforceable.  First, the noncompete is unenforceable because Defendants cannot show Ms. Boland had protectable customer contacts or trade secrets.  Second, Defendants cannot establish the noncompete agreement is reasonable in geographic scope or duration.  Finally, Defendants cannot establish Ms. Boland's employment as a part-time receptionist is restricted by the

noncompete agreement and/or materially competitive with her former position as a Funeral Director.

7.     Ms. Boland has suffered, and will continue to suffer, irreparable harm if she cannot immediately return to her part-time position due to Defendants' unlawful attempts to restrict her employment.  Ms. Boland cannot support herself, her grandmother or her four children if she cannot return to work.

8.     The balance of equities are in favor of issuing a temporary restraining order. Defendants cannot establish any protectable interests under the noncompete agreement, and they acted inequitably when they terminated Ms. Boland's employment in violation of the Family Medical Leave Act ("FMLA").  Moreover, the public interest would be served by entering a temporary restraining order.

9.     A Memorandum of Law in support of this Motion is filed contemporaneously herewith.  Ms. Boland hereby incorporates her Verified Petition and Memorandum of Law herein by reference as part of this Motion.

WHEREFORE, for the reasons stated in Plaintiff's Motion, Memorandum of Law in Support of her Motion, and Verified Complaint, Plaintiff respectfully requests that the Court grant her Motion and issue a temporary restraining order and/or preliminary injunction to enjoin Defendants from enforcing the noncompete agreement and interfering with her employment with Alternative.

Respectfully submitted,

By: _____ */s/ Kevin J. Dolley* _____
Kevin J. Dolley, USDC #54132MO
Laura Spencer Garth, USDC #61645
LAW OFFICES OF KEVIN J. DOLLEY, LLC
2726 S. Brentwood Blvd.
St. Louis, MO 63144
(314)645-4100 (office)
(314)736-6216 (fax)
kevin@dolleylaw.com
laura.garth@dolleylaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was sent via email to the attorney and registered agent of Defendants on March 16, 2015 at the following:

Daniel K. Barklage
Barklage, Brett & Hamill
211 North 3rd Street
St. Charles, MO 63301
dbarklage@barklage-brett.com

_____ */s/ Kevin J. Dolley* _____