**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| SARAH BOLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Case No. 4:15-cv-00469 |
| | ) | |
| ST. CHARLES MEMORIAL GARDENS, | ) | |
| INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

COME NOW Defendants Baue Funeral Home Co. and St. Charles Memorial Gardens, Inc. (known jointly herein as "Defendants") and in response and opposition to Plaintiff Sarah Boland's Motion for Temporary Restraining Order and/or Preliminary Injunction state to this Court as follows:

1. Defendants are providers of funeral and cemetery services in St. Charles County, Missouri. Sarah Boland ("Plaintiff") worked as a Funeral Director for Defendants from approximately May 16, 2013 through November 21, 2014.

2. On May 24, 2013, Plaintiff executed a Covenant not to Compete with Defendants in exchange for valuable consideration paid by Baue. See Plaintiff's Exhibit 1.

3. The Covenant not to Compete restricts Plaintiff from competing with Defendants for two (2) years following the termination of her employment, and includes the following terms:

> Employee shall not, directly or indirectly as an employee, owner, consultant, or otherwise, or through any corporation, partnership, proprietorship or association in which Employee has any interest whatsoever, engage in the embalming, funeral home, cremation service, or cemetery service business in St. Charles County, Missouri. In addition, Employee agrees that he [sic] may not work for a competitive person or firm

1

that has a presence in St. Charles County, Missouri, but has its business location outside of St. Charles County, Missouri. See Plaintiff's Exhibit 1.

4. Within said Covenant not to Compete, Plaintiff expressly agreed that during the course of her employment with Defendants she would have substantial customer contacts and gain knowledge of Defendants' confidential and proprietary trade secrets. See Plaintiff's Exhibit 1.

5. Within said Covenant not to Compete, Plaintiff also expressly agreed that she would be able to learn a living without violating the terms of the Covenant. See Plaintiff's Exhibit 1.

6. After Plaintiff resigned from her employment with Defendants, Plaintiff began working as a Funeral Director for a funeral home in St. Charles County called Alternative Funeral & Cremation Services ("Alternative"). Pursuant to her business cards, Plaintiff was a Funeral Director and not a "part-time receptionist," as stated in Plaintiff's Motion and Verified Petition.

7. Alternative is a direct competitor of Defendants located in St. Charles County, Missouri, thus Plaintiff's employment as a Funeral Director for Alternative, within the two (2) year non-compete period, was in direct violation of Plaintiff's Covenant not to Compete.

8. After learning of Plaintiff's violation of the Covenant not to Compete, on February 18, 2015, Defendants' counsel sent notice to both Alternative and Plaintiff notifying them that Plaintiff's employment as a Funeral Director for Alternative was in violation of her Covenant not to Compete.

9. Now Plaintiff is seeking a temporary restraining order to enjoin Defendants from "…unlawfully interfering with her employment with Alternative".

10. This Court is to consider four (4) factors in determining whether a party is entitled to a temporary restraining order: (1) the likelihood of success on the underlying merits; (2) whether the injunction will prevent irreparable injury; (3) whether the injunction will harm others; and (4) whether the public interest will be served. See Sigma Chemical Co. v. Harris, 586 F. Supp. 704,

709 (E.D. Mo. 1984); Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc).

11. In the preset case, the Plaintiff is not likely to succeed in the underlying merits of her case because the Covenant not to Compete in this case is enforceable under Missouri law, as explained below.

    a. First, the Covenant is enforceable because through Plaintiff's employment with Defendants she had substantial and protectable customer contacts and access to Defendants' trade secrets.

    b. Second, pursuant to Missouri law, the Covenant is reasonable in terms of geographic scope, as it is limited to St. Charles County, Missouri.

    c. Third, pursuant to Missouri law, the Covenant is reasonable in terms of duration, as it is limited to two (2) years.

    d. Lastly, Plaintiff's position as Funeral Director for Alternative is lawfully restricted by the Covenant and is materially competitive with her former position as a Funeral Director for Defendants.

12. Plaintiff cannot prove any irreparable harm will result from Defendants enforcement of the Covenant not to Compete at issue in this cause because, as expressly stated in the Covenant, Plaintiff is able to earn a living without violating the restrictions contained in the Covenant. See Plaintiff's Exhibit 1.

13. The balance of equities are in favor of denying Plaintiff's motion because, under Missouri law, Defendants have a protectable interest in enforcing the Covenant not to Compete, after Plaintiff resigned from her employment with Defendants, and the public interest will not be served by entering a temporary restraining order.

14. A Memorandum of Law in support of this Response will be filed shortly thereafter, and said Memorandum cites to the leading Missouri case of <u>Whelan Security Co. v. Kennebrew</u>, 379 S.W. 3d 835 (Mo. 2012). .

15. Defendants incorporate by reference the Affidavit of John D. Devaney, filed contemporaneously herewith.

WHEREFORE, for the reasons stated in Defendants' Response in Opposition to Plaintiff's Motion, Memorandum of Law in Support, and Affidavit of John D. Devaney, Defendants respectfully request that the Court deny Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction and for any further relief that this Court deems just and proper under the premises.

Respectfully submitted,

By /s/ Gerald M. Richardson_____
    Gerald M. Richardson, #29995 MO
    Evans & Dixon
    211 N. Broadway, Suite 2500
    St. Louis, MO  63102
    314-552-4053/314-884-4453
    grichardson@evans-dixon.com

By /s/ Daniel K. Barklage_____
    Daniel K. Barklage, #26496 MO
    Katherine Moore, #59805 MO
    Barklage, Brett & Hamill
    211 North Third Street
    St. Charles, MO  63301
    636-949-2120/636-949-8786
    dbarklage@barklage-brett.com
    kmoore@barklage-brett.com

## CERTIFICATE OF SERVICE

      The undersigned certifies that a true and correct copy of the foregoing was served this 18th day of March, 2015 by the Court's electronic filing system on Kevin J. Dolley, 2726 S. Brentwood Blvd., St. Louis, MO 63144 and all other attorneys of record.

                                                /s/ Daniel K. Barklage_____