UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SARAH BOLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-00469-RLW |
| | ) | |
| THE BAUE FUNERAL HOME CO. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ST. CHARLES MEMORIAL GARDENS INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The Court, after reviewing the Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction ("Motion"; ECF No. 5), and having heard the arguments of counsel, hereby finds and orders:

1. Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction is **DENIED**.

2. As set forth in Plaintiff's Motion, Plaintiff Sarah Boland ("Boland") was formerly employed by Defendants The Baue Funeral Home Co. and St. Charles Memorial Gardens Inc. as a funeral director. On May 24, 2013, she signed a non-compete agreement with Defendants. In November 2014, her employment with Defendants ended. In January 2015, Boland began working for Alternative Funeral & Cremation Services ("Alternative"). Upon learning of Boland's employment with Alternative, Defendants sent Boland and Alternative letters

1

reminding them of Boland's obligations under the non-compete agreement, and Boland's employment with Alternative terminated.

3. The Court holds that Boland has not satisfied all of the factors necessary for temporary injunctive relief. *See Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). First, the Court finds that Boland has not demonstrated that she is subject to immediate and irreparable injury if Defendants attempt to enforce Boland's non-compete agreement. Rather, it appears that, if Boland is ultimately successful in her tortious interference with contract claim, then she would be adequately compensated with a monetary award. At this stage, the Court holds that Boland has failed to demonstrate any irreparable harm to her that could not be compensable through a monetary award in this lawsuit. *See O'Connor v. Peru State College*, 728 F.2d 1001, 1003 (8th Cir. 1984).

4. The Court further finds that Boland has not demonstrated a likelihood of success on the merits. The Court notes that Boland received $500 in consideration for executing the non-compete agreement. After the termination of her employment in November 2014, evidence indicates that Boland began working for Defendant's competitor, Alternative, which is located just three blocks from a Baue funeral home. Through her business cards and her license on the wall, Boland represents herself as a funeral director for Alternative, although she claims she performs only secretarial work. In addition, although Boland attempts to downplay her customer contacts, it appears that she had significant exposure to Defendants' clients as a funeral director, which constitutes a protectable business interest. *See Osage Glass, Inc. v. Donovan*, 693 S.W.2d 71, 74 (Mo. banc 1985)("An express agreement not to compete may be enforced as to employees having substantial customer contacts. It is not necessary to show that there is a secret customer list."). Therefore, Court finds that the geographic and temporal restrictions, as applied to the

facts in this case, are likely reasonable. *See Whelan Sec. Co. v. Kennebrew*, 379 S.W.3d 835, 846-47 (Mo. 2012). Based upon the information currently before it, the Court finds that the non-compete agreement is probably enforceable to preclude Boland from working for a competitor funeral home in the St. Charles area.

5. Finally, the Court finds that the balance of harm weighs in favor of denying the Temporary Restraining Order. Defendants have put forth evidence that Boland was exposed to protected customer information and Defendants' specialized business model. Boland disputes that she was privy to any protectable customer contacts or trade secrets and claims that she needs part-time employment at Alternative funeral homes to support her family. However, as stated, Boland's interest can be compensated through a monetary award. Therefore, the Court believes that the balance of harm favors Defendants.

6. Thus, balancing the *Dataphase* factors, the Court denies Plaintiff's Motion for Temporary Restraining Order.

**IT IS HEREBY ORDERED** that the hearing on Plaintiff's Motion for a Preliminary Injunction is set for **1:30 p.m.** on the **2nd day of April, 2015**, in Courtroom 10S.

**IT IS FURTHER ORDERED** that, **unless otherwise ordered by the Court, the attorneys shall, not less than five (5) days prior to the date set for the preliminary injunction hearing:**

1. **Stipulation:** Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation.

2. **Witnesses:**

3

(a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **Exhibits:**

(a) Mark for identification all exhibits to be offered in evidence at the preliminary injunction hearing (Plaintiff to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

(b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11)or 902(12), to opposing counsel for examination. Prior to the preliminary injunction hearing, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

4. **Findings of Fact, Conclusions of Law and Legal Brief:** Submit to the Court and to opposing counsel full, complete and specific findings of fact and conclusions of law, together with a legal brief, citing authorities, in support of said party's legal theories and discussing any anticipated substantive or procedural problems.

Dated this 19th day of March, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**