UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SARAH BOLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15CV469 RLW |
| | ) | |
| THE BAUE FUNERAL HOME CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANUM AND ORDER**

This matter is before the Court on Defendants' Motion for a Protective Order Forbidding Plaintiff's Depositions of Defendants' Corporate Representatives ("Motion"; ECF No. 39). This matter is fully briefed and ready for disposition.

## **BACKGROUND**

On June 4, 2015, Plaintiff Sarah Boland ("Boland") filed her first amended complaint, which alleges claims for declaratory judgment to declare her non-competition agreement with Defendants unenforceable, for overtime pay under the Fair Labor Standards Act 29 U.S.C. §§201-219 ("FLSA"), for violation of the Family and Medical Leave Act, 29 U.S.C. §§2601-2654 ("FMLA"), and for tortious interference with her employment relationship with Alternative Funeral & Cremation Services.

On or around August 10, 2015, Boland served her Notice of Deposition of Corporate Representative ("Notice") pursuant to Fed. R. Civ. P. 30(b)(6). The Notice included 45 examination topics and 49 subtopics. (ECF No. 39-1). In this Motion, Defendants seek a protective order because they claim the 45 examination topics and 49 subtopics impose an undue burden and expense on Defendants.

1

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 26 provides "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003)(citing Fed.R.Civ.P. 26(b)(1)); *see also* Fed.R.Civ.P. 45(c) (authorizing the court to ensure a party responsible for the issuance and service of a subpoena takes reasonable steps to avoid imposing "undue burden or expense" on a person subject to a subpoena).

## DISCUSSION

In their Motion, Defendants argue that the discovery sought in the Notice involves "unreasonably cumulative discovery that the Plaintiff has already obtained from other more convenient, less burdensome, and less expensive sources." (ECF No. 39, ¶4). Defendants further argue that the burden and expense of the deposition of Defendants' corporate representative outweighs its likely benefit, "considering the needs of this case, the amount in controversy, the Defendants' resources, and its relatively low importance in resolving the issues raised in Plaintiff's amended complaint." (ECF No. 39, ¶4). Defendants request an order voiding the Notice. (ECF No. 39, ¶5). Defense counsel sent an email to Boland's counsel, asking to confer or they would file this Motion the following day. When Boland's counsel did not respond, Defendants filed this Motion. Defendants note that Boland's counsel "never contacted the Defendants' counsel [to meet and confer] on or after August 21, 2015." (ECF No. 44 at 4).

In response, Boland first contends that the Court should deny Defendants' Motion for Protective Order because Defendants did not follow the meet and confer requirements. (ECF No. 40 at 5-6). Boland notes that defense counsel sent an email stating that they would file a protective order within 24 hours, but Boland's counsel was unable to respond within the short timeframe. Boland contends defense counsel's attempt was not a sincere effort to meet and confer. In addition, Boland maintains that Defendants have not demonstrated good cause for the issuance of a protective order. (ECF No. 40 at 6-10). Boland claims that Defendants' Motion relies on conclusory statements regarding the needs of the case and the burden on Defendants. Further, Boland indicates that the number of topics is necessary because her first amended complaint involves four distinct and complex legal claims. Finally, Boland asserts that she has the right to pursue a deposition, rather than other discovery methods which may be preferable to Defendants.

The Court believes that Defendants' Motion is premature. As noted by both sides, the parties did not engage in any discussions regarding this dispute prior to or after filing this Motion. Merely sending an email is insufficient to satisfy the meet and confer process. *See* E.D.Mo. L.R. 3.04 ("The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so..."). Therefore, the Court will deny the Motion, without prejudice, and order the parties to engage in a meaningful meet and confer process prior to filing another motion for protective order.

Further, during the meet and confer process, the Court asks the parties to address the Notice, topic by topic, to determine if the topics can be streamlined and stripped of legalese. The Court is troubled by the number and broadness of some of Boland's 30(b)(6) Notice topics. In particular, the topics listed in paragraphs 23 and 25 seem to be seeking hyper technical testimony

3

that has little relevance to the employment issues in this case.  *See* ECF No. 44 at 5-6.  Further, to the extent that Notice topics seek "documentation," the parties should discuss whether relevant documents have been produced pursuant to a document request.

Accordingly,

**IT IS HEREBY ORDERED** Defendants' Motion for a Protective Order Forbidding Plaintiff's Depositions of Defendants' Corporate Representatives (ECF No. 39) is **DENIED** without prejudice.  The parties are ordered to meet and confer regarding the Rule 30(b)(6) Notice consistent with this Court's Memorandum and Order.

Dated this 21st day of September, 2015.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE