IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAH BOLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE BAUE FUNERAL HOME CO., ) | Cause No. 4:15-CV-00469RLW |
| et. al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' Joint Motion for Approval of Settlement. (ECF No. 59).

**I. Background**

On March 13, 2015, plaintiff Sarah Boland filed this suit in her individual capacity and on behalf of similarly situated hourly-paid employees at Baue Funeral Home. Co., alleging that defendants failed to pay overtime compensation in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a)(1).[1] The FLSA claim was brought as an "opt-in" collective action under FLSA, 29 U.S.C. § 216(b). On June 4, 2015, Plaintiff filed an Amended Complaint. (ECF No. 33).

**II. Discussion**

**A. Court Approval of FLSA Settlements**

---

[1] Plaintiff also alleged individual claims for declaratory and injunctive relief, tortious interference with contract, and violations of the Family and Medical Leave Act, 29 U.S.C. §2617 ("FMLA").

1

"The Court first notes that the law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." *King v. Raineri Const., LLC*, No. 4:14-CV-1828 CEJ, 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015) (citing *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 257 (5th Cir. 2012) (enforcing private settlement agreement entered into without judicial consent where plaintiff were represented by counsel and the court determined a bona fide dispute had existed when the settlement was entered); *Carrillo v. Dandan Inc.*, Civ. No. 13-671 (BAH), 2014 WL 2890309, at *5 (D.D.C. June 26, 2014) (finding that "no binding caselaw in this Circuit requires a district court to assess proposed FLSA settlements *ex ante*); *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 364-65 (S.D.N.Y. 2013) (noting that "it is not clear that judicial approval of an FLSA settlement is legally required"); *Fernandez v. A-1 Duran Roofing, Inc.*, No. 12-CV-20757 (JLK), 2013 WL 684736, at *1 (S.D. Fla. Feb. 25, 2013) (finding approval of the parties' private settlement of FLSA claims unnecessary when both parties were represented by counsel); *Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 378 (E.D.N.Y. 2013) (concluding that the parties' private settlement for FLSA claims and voluntary dismissal pursuant to Fed. R. Civ. P. 41(a) did not require judicial approval)).

Nonetheless, because declining to review the proposed settlement agreement would leave the parties in an uncertain position, the Court will review the settlement's FLSA-related terms for fairness. *See King*, 2015 WL 631253, at *2; *Carrillo*, 2014 WL 2890309, at *5 ("If the parties privately settle FLSA claims and seek dismissal of the suit by filing a Rule 41 motion, the private settlement may be held unenforceable if the employer attempts to enforce the employees' waiver of claims per the settlement at a later date."); *Picerni*, 925 F. Supp. 2d at 372 ("[U]ntil

some court determines that there was a bona fide dispute as to how much plaintiff was owed in wages, and that the offer of judgment fairly compromises it, the employer has not eliminated its risk [of exposure to future litigation]."). "[R]eview of a proposed FLSA settlement," however, "is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." *Carrillo*, 2014 WL 2890309, at *8.

### B. The Proposed Settlement

A district court may only approve an FLSA settlement agreement after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Fry v. Accent Mktg. Servs., L.L.C.*, No. 4:13-CV-59 (CDP), 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

"A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under FLSA." *King*, 2015 WL 631253, at *2 (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)). First, the Court notes that the proposed settlement is the product of contested litigation where the parties dispute the amount of overtime hours Plaintiff actually worked and whether defendants refused to pay for mandatory work hours.

"In determining whether a settlement is fair and reasonable under FLSA, factors a court may consider include the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's

3

length negotiations between represented parties based on the merits of the case." *King*, 2015 WL 631253, at *2 (citing *Carrillo*, 2014 WL 2890309, at *6 (taking into account the "totality of the circumstances" to determine the fairness of an FLSA settlement); *Fry*, 2014 WL 294421, at *1 (considering the fairness factors applied to a Rule 23 class action in the context of a FLSA collective action and conditionally certified class)). This approach focuses on the fairness of the process used by the parties in reaching a settlement and ensures "the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights." *Lliguichuzhca*, 948 F. Supp. 2d at 365. In reaching a determination, courts "should be mindful of the strong presumption in favor of finding a settlement fair." *Crabtree v. Volkert, Inc.*, No. 11-0529-WS-B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013) (noting that "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement") (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009)).

Considering the totality of the circumstances, the Court finds the proposed settlement fair and reasonable to all parties. The settlement provides payment for lost wages and unpaid overtime compensation as well as liquidated damages for Plaintiff. The liquidated damages are half of the amount of compensation provided to Plaintiff for unpaid lost wages and overtime hours worked. The Court finds no evidence of overreaching on the part of Defendants based upon the amount of the settlement proceeds provided to Plaintiff.

The settlement also was reached by arm's length negotiation. All parties involved have been represented by experienced counsel throughout the litigation. The parties participated in mediation on October 23, 2015 with a court-approved mediator, Jerome A. Diekemper, which

resulted in a settlement of Plaintiff's claims. The fairness of the process by which the proposed settlement was reached, therefore, further ensures a just outcome.

The Court also must assess the reasonableness of Plaintiff's attorney fees in a proposed FLSA settlement, even when the fee is negotiated in the settlement rather than through judicial determination. *Lliguichuzhca*, 948 F. Supp. 2d at 366. Attorney's fees in FLSA settlements are examined "to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)). In a private FLSA action where the parties settled on the fee through negotiation, "there is a greater range of reasonableness for approving attorney's fees." *Wolinsky*, 900 F. Supp. 2d at 336 (internal citations and quotations omitted).

Here, Plaintiff's counsel did not submit billing records detailing the amount of time expended on the case, but the terms of the proposed agreement provide Plaintiff's counsel with a recovery double that of Plaintiff's recovery of lost wages, overtime wages, and liquidated damages. The Court notes that Plaintiff's attorneys have undertaken substantial motion practice (including attempting to obtain a temporary restraining order), extensive discovery, negotiations with opposing counsel, and participation in a meditation. *Fry*, 2014 WL 294421, at *2. The amount of attorneys' fees requested by Plaintiff's counsel is not opposed by defendant and is reasonable based on the amount of time and effort expended on this case. *Id.* Moreover, "any reluctance of the Court to approve the settlement 'is not sufficient to overcome the presumption in favor of allowing parties to settle their own disputes, particularly where, as here, the settlement represents a bona fide settlement of disputes of material fact where the range of

5

possible outcomes differs substantially.'" *King*, 2015 WL 631253, at *4 (citing *Carrillo*, 2014 WL 2890309, at *7).

The Court reiterates that it has reviewed and approved only the material terms of the proposed settlement as they relate to the FLSA-claims. "'No opinion is necessary as to the enforceability of [other] terms and none is given. The Court's review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims.'" *King*, 2015 WL 631253, at *4 (citing *Carrillo*, 2014 WL 2890309, at *8); *see also Brumley v. Camin Cargo Control, Inc.*, Nos. 08-1798, 10-2461, 09-6128, 2012 WL 10919337, at *5-9 (D.N.J. Mar. 26, 2012) (approving FLSA settlement in part but rejecting confidentiality and waiver provisions in proposed settlement).

Accordingly,

**IT IS HEREBY ORDERED** that Joint Motion for Approval of Settlement. (ECF No. 59) is **GRANTED.** This case is dismissed with prejudice. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii).

Dated this 18th day of November, 2015.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE